**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

Civil Action No. 1:19-CV-00764 KWR-GBW

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

ST. VINCENT HOSPITAL d/b/a
CHRISTUS ST. VINCENT REGIONAL
MEDICAL CENTER,

Defendant.

---

**CONSENT DECREE**

---

## I.  RECITALS

**1.**      This matter was instituted by Plaintiff, Equal Employment Opportunity Commission ("Commission" or "EEOC"), an agency of the United States government, alleging that Defendant, St. Vincent Hospital d/b/a CHRISTUS St. Vincent Regional Medical Center  ("Defendant" or "SVH") failed to remedy disability harassment of Charging Party Asheley Coriz; failed to provide reasonable accommodations for Ms. Coriz's disability; and discharged Ms. Coriz because of her disability, because of SVH's need to make reasonable accommodation to her hearing impairment, and/or discharged her in retaliation for opposing acts or practices made unlawful under the Americans with Disabilities Act of 1990, as amended ("ADA").

**2.**     Defendant denies all allegations set forth in this matter.  This Consent Decree will not be construed as an admission by Defendant of any discriminatory or unlawful conduct.

**3.**     The Parties to this Consent Decree are the Plaintiff EEOC and the Defendant SVH.

**4.**     The Parties, desiring to settle this action by an appropriate Consent Decree, agree to the jurisdiction of this Court over the Parties and the subject matter of this action, and agree to the authority of this Court to enter this Consent Decree enforceable against Defendant.

**5.**     As to the issues resolved, this Consent Decree is final and binding upon the Parties and their successors and assigns.

**6.**     For the purpose of amicably resolving disputed claims, the Parties jointly request this Court to adjudge as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

## II.  JURISDICTION

**7.**     The Parties stipulate to the jurisdiction of the Court over the Parties and subject matter of this action and have waived the entry of findings of fact and conclusions of law.

## III.  TERM AND SCOPE

**8.**     **Term:**  The duration of this Consent Decree will be three (3) years from the date of entry by the Court.

**9.**     **Scope:**  The terms of this Consent Decree shall apply to the CSV Regional Medical Center located in Santa Fe, New Mexico ("CSV Regional Medical Center")

except as specified in this Consent Decree at Paragraphs 24-27 and 29-30 which require SVH to review and, if necessary, revise its existing EEO and Reasonable Accommodations policies applicable to SVH's New Mexico employees, and distribute such policies and the Notice attached to this Decree to all employees of SVH in New Mexico, and reflects SVH's agreement that it will not rehire Dante Luna at any of SVH's facilities in New Mexico for the duration of the Consent Decree.

## IV.  ISSUES RESOLVED

**10.**     This Consent Decree resolves the claims alleged in the above-captioned lawsuit and constitutes a complete resolution of all of the Commission's claims of unlawful employment practices under the ADA that arise from Charge of Discrimination Number 543-2018-00722, filed by Asheley Coriz.

**11.**     Defendant and its officers, agents, employees, and successors will not interfere with the relief herein ordered but will cooperate in the implementation of this Consent Decree.

## V.  MONETARY RELIEF

**12.**     In accordance with this Consent Decree, and in full settlement of all monetary claims asserted by the EEOC, Defendant agrees to pay the total judgment in the amount of ninety-eight thousand dollars ($98,000.00).

**13.**     Defendant will not condition the receipt of individual relief upon Asheley Coriz's agreement to:  (a) maintain as confidential the terms of this Consent Decree or the facts of the case; (b) waive her statutory right to file a charge with any federal or state anti-discrimination agency; or (c) promise not to reapply for a position at any of Defendant's facilities.  However, in return for the receipt of individual relief

pursuant to this Consent Decree, Asheley Coriz will execute a release in the form of Exhibit A.

**14.** To resolve these claims, Defendant will pay a total of $98,000.00, allocated as follows: back pay in the amount of $24,000.00 and compensatory damages in the amount of $74,000.

**15.** EEOC retains the discretion to determine the apportionment of the settlement amount between back pay and compensatory damages. Payments designated "back pay" will be reported on IRS Form W-2. Defendant will be responsible for paying its share of any applicable payroll taxes for "back pay" and, in accordance with either a newly submitted W-4 or the most recent W-4 on file with Defendant, withholding applicable payroll taxes owed by Ms. Coriz. Ms. Coriz will execute and the EEOC will send Defendant an executed IRS W-9 Form for payments designated as "compensatory damages," which will be reported on IRS Form 1099 by Defendant and shall not be subject to withholdings. Defendant will issue and send to Ms. Coriz the respective W-2 for the back pay amount and an IRS Form 1099 for the compensatory damages amount within ten (10) days after Defendant issues its IRS forms for the tax year 2020.

**16.** The payments required under this Consent Decree will be mailed to Ms. Coriz within fourteen (14) days after the Court's entry of this Consent Decree and mailed to the address provided by the EEOC.

**17.** Within three (3) business days after payments are mailed to Ms. Coriz, Defendant will submit a copy of these checks to the EEOC.

**18.**     All costs associated with the distribution of settlement funds to Ms. Coriz will be paid by Defendant.

## VI.  OTHER INDIVIDUAL RELIEF

**19.**     Defendant will expunge from Asheley Coriz's personnel files:  (a) all references to the allegations of discrimination filed against Defendant that formed the basis of this action; (b) all references to Asheley Coriz's participation in this action; and (c) all documents that refer, make reference to, or relate to any alleged performance deficiencies documented after Asheley Coriz filed a charge of discrimination.

**20.**     Defendant will expunge all references to Asheley Coriz's termination from her personnel files and will ensure that all of Defendant's records reflect that Asheley Coriz voluntarily resigned from her employment.  Further, should any prospective employer request a reference for Asheley Coriz from Defendant, Defendant will provide Ms. Coriz with a neutral reference that will include dates of service and position held.

**21.**     Within ten (10) days after entry of the Consent Decree, Randall Schulz will provide a letter of acknowledgment to Asheley Coriz in the form of Exhibit B.

## VII.  EQUITABLE RELIEF

*A.*     *Injunctive Relief*

**22.**     Defendant, its officers, agents, and successors are enjoined from engaging in any employment practice which discriminates based on disability, including but not limited to harassment because of disability, failure to provide reasonable accommodations for disability, and discharge because of disability.

23.     Defendant, its officers, agents, and successors are enjoined from engaging in reprisal or retaliation of any kind against any person because of such person's opposition to any practice made unlawful under the Americans with Disabilities Act, as amended.  Defendant will not retaliate against a person because such person brings an internal complaint of discrimination with the Defendant; or because such person files or causes to be filed a charge of discrimination with the Commission or any other agency charged with the investigation of employment discrimination complaints, or whose statements serve as the basis of a charge; or because such person testifies or participates in the investigation or prosecution of an alleged violation of these statutes.  Defendant will not retaliate in any manner against individuals identified as witnesses in this action or who assisted in the investigation giving rise to this action or any such persons identified as a witness or possible witnesses of discrimination in future investigations or proceedings.

**B.      *EEO And Reasonable Accommodations Policy Review***

24.     Within sixty (60) days of the entry of this Consent Decree, Defendant will review its existing EEO and Reasonable Accommodations policies applicable to SVH's New Mexico employees to conform with the law and revise, if necessary.

25.     The written EEO and Reasonable Accommodations policies must include at a minimum:

25.1.     A strong and clear commitment to comply with all applicable federal, state and local fair employment practices laws, including Defendant's commitment to providing equal employment opportunities to

individuals with disabilities and prohibitions against unlawful disability discrimination, harassment because of disability, and retaliation;

**25.2.**     A clear and complete definition of disparate treatment based on disability and retaliation;

**25.3.**     A statement that discrimination based on disability, harassment because of disability, or retaliation is prohibited and will not be tolerated;

**25.4.**     A clear and strong encouragement of persons who believe they have been discriminated or retaliated against to report such concerns;

**25.5.**     The identification of specific individuals, with telephone numbers, to whom employees can report their concerns about discrimination, harassment, or retaliation;

**25.6.**     A clear explanation of the steps an employee must take to report discrimination, harassment, or retaliation, which must include the options of either an oral or written complaint;

**25.7.**     An assurance that Defendant will promptly investigate the facts and circumstances of all claims of perceived discrimination and that such investigation will be conducted by a neutral investigator specifically trained in receiving, processing, and investigating allegations of discrimination;

**25.8.**     An assurance that appropriate corrective action will be taken by Defendant as necessary based on its investigation of any claims of perceived discrimination;

**25.9.**     A description of the consequences up to and including termination that will be imposed upon violators of Defendant's anti-discrimination policies

and a description of the consequences for management employees,

including possible impact upon manager compensation, for managers who

do not comply with their leadership responsibilities with respect to the

Defendant's EEO and Reasonable Accommodations policies;

25.10.    A promise of maximum feasible confidentiality to the extent

consistent with adequate investigation and appropriate corrective action for

persons who report unlawful discrimination, harassment, and/or retaliation,

or who participate in an investigation into allegations of discrimination,

harassment, and/or retaliation;

25.11.    A statement that, upon receiving an applicant's or employee's

request for a reasonable accommodation through Human Resources or the

applicant's or employee's supervisor, Defendant will engage in an interactive

dialogue with the applicant or employee to determine the precise limitations

imposed by the applicant or employee's medical condition or disability and

explore potential reasonable accommodations that could enable the

applicant or employee to perform the essential functions of his/her job

without imposing an undue hardship on Defendant;

25.12.    The identification of a designated Human Resources Professional

who is well qualified to provide guidance to all SVH employees in New

Mexico on all laws and regulations relating to the application of the ADA in

the workplace; and

25.13.    An assurance of non-retaliation for persons who make a report of

unlawful discrimination, harassment, and/or retaliation, for witnesses who

participate in the investigation(s) of such unlawful discrimination, harassment, and/or retaliation, and for individuals who request an accommodation for a disability.

**26.**     Within thirty (30) days after completion of the policy review required under Paragraphs 24 and 25 above, the written EEO and Reasonable Accommodations policies will be posted in a prominent location frequented by employees at the CSV Regional Medical Center.  The written EEO and Reasonable Accommodations policies will also be distributed to all employees at the CSV Regional Medical Center and all employees of SVH in New Mexico within sixty (60) days of entry of this Consent Decree.  Within ninety (90) days of the Court's entry of this Consent Decree, Defendant shall forward a copy of the revised EEO and Reasonable Accommodation Guidance to the Commission and a letter indicating that the policy has been distributed as required by this Paragraph 26.

**27.**     For the duration of this Consent Decree, the written EEO and Reasonable Accommodations policies shall be distributed to all new employees when hired at the CSV Regional Medical Center or any SVH facilities in New Mexico.  Defendant shall make the written EEO and Reasonable Accommodations policies available in alternative formats as necessary for persons with cognitive and print disabilities that may prevent them from reading the policies.  Alternative formats will include but not be limited to an audiotape format.

## C.     *Training*

**28.**     Defendant will provide EEO training for all its employees at the CSV Regional Medical Center for the duration of this Decree according to the terms of

this Paragraph 28.  Under this provision, employees will be trained at a minimum in the following areas:  (a) the Defendant's policy and procedures for reporting alleged discrimination; (b) understanding the kind of conduct which may constitute unlawful discrimination or harassment; (c) the penalties of engaging in discriminatory behavior; (d) Defendant's non-retaliation policy; and (e) Defendant's procedures for handling accommodation requests, including the need for the employer to engage in an interactive process with employees to determine if they can perform the essential functions of their positions with or without reasonable accommodations, as well as examples of potential reasonable accommodations, including job restructuring, part time or modified work schedules, medical leave, unpaid leave, leave beyond the period allotted by the employer, reassignment to a vacant position, the purchase or modification of equipment or devices, appropriate adjustment or modifications of examinations, the provision of qualified and certified readers or interpreters, and other similar accommodations for individuals with disabilities.  All training under this Paragraph 28 will be at Defendant's selection and expense.  The first training session required for all types of employees listed below must be a live and interactive training session, although it does not have to be conducted in person and rather can be conducted by some other means (*e.g.*, online interactive training), so long as the employees have the ability to ask questions to be answered by the individual(s) conducting the training session during the training session.  Subsequent training sessions required by this Consent Decree may be by in-person presentation, online interactive training, and/or computer training, or any combination of the foregoing.  The training will be conducted as follows:

**28.1.     Non-managerial Employees:**  Defendant will provide training to non-managerial employees at the CSV Regional Medical Center, specifically, one (1) hour of mandatory training annually on the topics listed in Paragraph 28 and with a focus on disability discrimination, prohibitions on harassment because of disability, and retaliation.  The training may be videotaped or recorded in an appropriate format so that any non-managerial employee who is unable to attend or participate in any scheduled training session will be trained within sixty (60) days of the scheduled training.  Additionally, any individual who is charged with conducting training under this Paragraph must first be trained under Paragraph 28.4 below.

**28.2.     Managerial and Supervisory Employees:**  Defendant will require all individuals who work in a managerial or supervisory capacity at the CSV Regional Medical Center to receive a mandatory two (2) hours of training annually regarding the ADA and other federal anti-discrimination laws.  One (1) of the two (2) hours must directly address disability discrimination, the provision of reasonable accommodations for disabilities, prohibitions on harassment because of disability, and retaliation.  One (1) of the two (2) hours must be instruction in the proper methods of receiving, communicating, investigating (where applicable), and ameliorating discrimination.  Defendant will emphasize with managerial and supervisorial employees that due to their position of power, such employees:  (a) must be particularly vigilant not to discriminate, whether consciously or because they rely on subconscious stereotypes; (b) must be sensitive of how their actions or words might be

perceived by subordinate employees; and (c) must not retaliate against an employee because a complaint is made or might be made against them. Additionally, Defendant will require employees who are newly hired or recently promoted into a managerial or supervisory position to complete the requisite one (1) hour of complaint-handling training and one (1) hour of disability-related training within twenty (20) days of being hired or promoted. The training under this Paragraph 28.2 must be provided by outside vendors or qualified Human Resource Professionals.

**28.3.     Human Resource Employees:**  Defendant will require all individuals who work in a human resource capacity and whose job duties require that they consider and decide on requests for reasonable accommodations at the CSV Regional Medical Center to receive six (6) hours of training annually regarding the ADA and other federal anti-discrimination laws.  Three (3) of the six (6) hours must directly address disability discrimination and the provision of reasonable accommodations for disabilities, including instruction regarding how to (1) analyze the particular job involved and determine its purpose and essential functions, (2) consult with the individual with a disability to ascertain the precise job-related limitations imposed by the individual's disability and how those limitations could be overcome with a reasonable accommodation, (3) in consultation with the individual, perform an individualized analysis to identify potential accommodations and assess the effectiveness each would have in enabling the individual to perform the functions of the position, and (4) consider the

preference of the individual to be accommodated and select and implement the accommodation that is most appropriate for both the individual and the employer in the employer's reasonable and good faith judgment.  One (1) of the six (6) hours must be instruction in the proper methods of receiving, communicating, investigating (where applicable), and ameliorating discrimination, including such matters as witness interview techniques, other evidence-gathering techniques, maintaining investigative notes and records, the proper procedures for documenting and preserving evidence of discrimination, and archiving the corporation's investigation of complaints, as well as detailing the consequences and result of the investigation where discrimination is found.  Additionally, Defendant will require employees who are newly hired or promoted into such a human resource position to complete three (3) hours of general EEO training and disability discrimination training within thirty (30) days of being hired or promoted into the human resource position.  The training under this Paragraph 28.3 must be provided by outside vendors.

**28.4.    Train the Trainers:**  Any manager or human-resources employee with responsibility for training other employees under Paragraph 28.1 or 28.2 above will be provided four (4) additional hours of training on the materials to be presented and the proper techniques for teaching the materials.  The training under this Paragraph 28.4 must be provided by outside vendors or qualified Human Resource Professionals.

**28.5.**    For each training program required under this section, and

conducted during the reporting period, Defendant will submit a registry of attendance or certificate of completion under its reporting obligations of Paragraph 32 below.

**28.6.**    Defendant agrees that the first such training session for each employee group identified in Paragraph 28 above will take place within ninety (90) days after the Court's entry of this Consent Decree.  Defendant agrees that all of its personnel at the CSV Regional Medical Center shall both register for and attend their respective training sessions as required above.

## D.    *Notice Posting*

**29.**    Within ten (10) business days after the Court's entry of this Consent Decree, Defendant shall post at the CSV Regional Medical Center, in a conspicuous place frequented by employees, the Notice attached as Exhibit C to this Consent Decree.  The Notice shall be the same type, style, and size as set forth in Exhibit C. The Notice shall remain posted for the duration of this Consent Decree.  If the Notice becomes defaced or illegible, Defendant will replace it with a clean copy.  Defendant will certify to the Commission, in writing, within fifteen (15) business days of entry of this Consent Decree that the Notice has been properly posted and shall provide recertification in each of the semi-annual reports required under the Reporting provisions of this Consent Decree.  In addition, within sixty (60) days of entry of this Consent Decree, Defendant shall distribute this Notice (Exhibit C) to all of its current SVH employees and to all new employees within thirty (30) days of hiring the new employees at the CSV Regional Medical Center or any SVH facility in New Mexico, along with its written EEO and Reasonable Accommodations policies.

### E.    *Individuals Ineligible for Rehire*

**30.**         Defendant agrees that it will not rehire Dante Luna at any of Defendant's facilities in New Mexico for the duration of this Consent Decree.  To assure that Dante Luna is not rehired by Defendant, Defendant will place a document on the top of Dante Luna's personnel file that reads in bold, "Not Eligible for Rehire at any facility in New Mexico," which document will remain on top of Dante Luna's personnel file for the duration of this Consent Decree.  If Defendant maintains any computerized personnel file for Dante Luna, such computerized file must also be annotated to reflect that Dante Luna is not eligible for rehire for the duration of this Consent Decree.

## VIII.  RECORD KEEPING AND REPORTING PROVISIONS

**31.**         **Records:**  For the duration of this Consent Decree, Defendant shall maintain all records concerning the implementation of this Consent Decree, including, but not limited to, all of the following:

**31.1.**         Personnel files of Asheley Coriz and Dante Luna;

**31.2.**         Complaints of disability discrimination, failure to engage in the interactive process, or failure to provide reasonable accommodation, including the records documenting the investigation of such complaints, including any witness statements, documents compiled, conclusions and findings, as well as corrective and remedial actions taken;

**31.3.**         All documents related to the employee training described above, including but not limited to attendance sheets, agendas and training materials; and

**31.4.**      All documents and reports provided to the EEOC in compliance with the reporting requirements of this Consent Decree as described below.

**32.**      **Reporting Requirements:**  Defendant shall provide semi-annual reports for each six-month period following the entry of this Consent Decree.  The reports shall be due thirty (30) days following the respective six-month period, except the final report which shall be submitted to the Commission eight weeks prior to the date on which the Consent Decree is to expire.

**32.1.**      Each report shall provide information demonstrating Defendant's compliance with the terms of this Consent Decree, including:  with respect to the required training programs, submission of registries of attendance, certificates of completion, agendas, copies of the training material, and the identification of the individual(s) that conducted the training; certification of the posting of notice; certification that a policy review had been conducted; certification of the revised policy distribution; certification of the issuance of the letter of acknowledgment to Charging Party; compliance with reference provisions of Paragraph 20; certification of compliance with the no re-hire provision as to Dante Luna; and certification as to the expungement of personnel records.

Further, for complaints or reports of disability discrimination, failure to engage in the interactive process, or failure to provide reasonable accommodation from any employee of CSV Regional Medical Center in the reporting period, each semi-annual report must include:

**32.1.1.**      The name, address, email address, and telephone number of

16

each person making a complaint of disability discrimination, failure to engage in the interactive process, or failure to provide reasonable accommodation to Defendant or to any federal, state, or local government agency; and

32.1.2.　A brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the discriminatory conduct, the Defendant's investigation and response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any resolution was reached.

**32.2.　Reports on Compliance with Training**

32.2.1.　For each training program conducted by Defendant's staff, Defendant will provide the following information:  (a) a detailed agenda; (b) copies of all training material provided to or utilized by the trainers; and (c) the name of each trainer and a summary of his or her qualifications.

32.2.2.　For each training program conducted by an outside consultant or vendor not affiliated with Defendant, Defendant will identify the consultant and/or vendor and provide a copy of the program agenda.

**32.3.　Posting of Notice:**  Defendant shall recertify to the Commission that the Notice required to be posted under Section VII(D) of this Consent Decree has remained posted during the reporting period, or, if removed, was promptly replaced.

**32.4.　Policy Review:**  Defendant shall report on the status of the EEO and Reasonable Accommodations policy review process required under

17

Paragraphs 24-25, above.

    **32.5.**    **Expungement of Personnel Records:**  The first report shall include a report on the expungement of Asheley Coriz's personnel records and termination record.

    **32.6.**    **Letter of Acknowledgment:**  The first report shall include a copy of the Letter of Acknowledgment sent to Charging Party.

    **32.7.**    **References:**  Each report shall address Defendant's compliance with Paragraph 20 as to references for Asheley Coriz.

    **32.8.**    **No Re-hire:**  The first report shall certify that the steps required by Paragraph 30 regarding Dante Luna have been taken.

## IX.  RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

**33.**    This Court will retain jurisdiction of this case for purposes of compliance with this Consent Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees.

**34.**    There is no private right of action to enforce Defendant's obligations under the Consent Decree and only the Commission, or its successors or assigns, may enforce compliance herewith.

**35.**    Subject to the dispute resolution process as set forth in Section X, the Commission may petition this Court for compliance with this Consent Decree at any time during which this Court maintains jurisdiction over this action.  Should the Court determine that Defendant has not complied with this Consent Decree, appropriate

relief, including extension of this Consent Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

**36**.          Absent extension, this Consent Decree shall expire by its own terms at the end of the 36th month from the date of entry without further action by the Parties.

## X.  DISPUTE RESOLUTION

**37.**          The EEOC may petition this Court for compliance with this Consent Decree at any time during which this Court maintains jurisdiction over this action. However, prior to petitioning the Court, the EEOC will give Defendant written notice of the allegations of non-compliance, followed by a forty-five (45) day period to either cure the deficiency or negotiate a resolution of the non-compliance.  Should the Court determine that Defendant has not complied with this Consent Decree, appropriate relief, including extension of this Consent Decree for such period as may be necessary to remedy the non-compliance, may be ordered.

## XI.  EEOC AUTHORITY

**38**.          With respect to matters or charges outside the scope of this Consent Decree, this Consent Decree shall in no way limit the powers of the Commission to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority, and do not arise out of the claims resolved by this Consent Decree.

## XII.  COSTS AND ATTORNEY'S FEES

**39.**          Each Party shall be responsible for and shall pay its own costs and attorney's fees.

## XIII.  NOTICE

40.     Unless otherwise indicated, any notice, report, or communication required under the provisions of this Consent Decree shall be sent by certified mail, postage prepaid, as follows:

Jeff A. Lee                                      Christopher J. DeGroff
Senior Trial Attorney                            SEYFARTH SHAW LLP
EEOC                                             233 South Wacker Dr., Suite 8000
505 Marquette Ave., N.W., Suite 900              Chicago, IL  60606-6448
Albuquerque, NM  87102                           312-460-5000
505-738-6723                                     cdegroff@seyfarth.com
jeff.lee@eeoc.gov

                                                 *Attorneys for Defendant*
*Attorneys for Plaintiff EEOC*

## XIV.  SIGNATURES

41.     The Parties agree to the entry of this Consent Decree subject to final approval by the Court.

SO ORDERED this _____ day of _____, 2020.

BY THE COURT:

_____
UNITED STATES DISTRICT JUDGE

BY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

By: _____
        Mary Jo O'Neill
        Regional Attorney

Date: _____

ST. VINCENT HOSPITAL D/B/A
CHRISTUS ST. VINCENT
REGIONAL MEDICAL CENTER

By: _Angelo R. Valencia_____
        Angelo Valencia
        Director of Human Resources

Date: _5/18/2020_____

APPROVED AS TO FORM:

_____
Loretta Medina
Supervisory Trial Attorney

_____
Jeff A. Lee
Senior Trial Attorney
EEOC Albuquerque Area Office
505 Marquette Ave., N.W., Suite 900
Albuquerque, NM  87102
505-738-6723
jeff.lee@eeoc.gov
Attorneys for Plaintiff EEOC

_____
Christopher J. DeGroff
SEYFARTH SHAW LLP
233 S. Wacker Dr., Suite 8000
Chicago, IL  60606-6448
312-460-5000
cdegroff@seyfarth.com
Attorney for Defendant

21

Attachment 1

**EXHIBIT A**

## <u>RELEASE</u>

In consideration for $ _____ paid to me by St. Vincent Hospital d/b/a CHRISTUS St. Vincent Regional Medical Center ("Defendant") in connection with the resolution of *EEOC v. St. Vincent Hospital d/b/a CHRISTUS St. Vincent Regional Medical Center*, Case No. 1:19-CV-00764-KWR-GBW, I waive my right to recover for any claims of disability discrimination and retaliation arising under the Americans with Disabilities Act of 1990, as amended ("ADA"), that I had against Defendant prior to the date of this release and that were included in the claims alleged in EEOC's Second Amended Complaint (Document # 22) in *EEOC v. St. Vincent Hospital d/b/a CHRISTUS St. Vincent Regional Medical Center*, Case No. 1:19-CV-00764-KWR-GBW.

Date: _____           Signature: _____
                                                          Asheley Coriz

**EXHIBIT B (Letter of Acknowledgment from Schulz)**

Dear Ms. Coriz:

I wish to express my sincere regret that while you were employed at CSV, you did not feel supported concerning your reports of problems with your immediate supervisor and issues concerning your disability.  That is not at all how you or any CSV employee should feel, and I hope you know we are taking steps to ensure all employees in that situation feel heard and supported.

Sincerely,

_____

Randall Schulz

CHRISTUS St. Vincent Regional Medical Center

**EXHIBIT C (Notice for Posting)**

## <u>NOTICE</u>

The following notice is being posted pursuant to the terms of a Consent Decree reached between the Parties in <u>EEOC v. St. Vincent Hospital d/b/a CHRISTUS St. Vincent Regional Medical Center,</u> filed in the United States District Court for the District of New Mexico, Civil Action No. 1:19-CV-00764-KWR-GBW.

Management of St. Vincent Hospital d/b/a CHRISTUS St. Vincent Regional Medical Center ("SVH") wish to emphasize the company's fundamental policy of providing equal employment opportunity in all of its operations and in all areas of employment practices. SVH seeks to ensure that there shall be no discrimination against any employee or applicant for employment on the grounds of disability, age, race, color, religion, sex, pregnancy, or national origin. This policy extends to requests for reasonable accommodation because of disability and all other terms, conditions and privileges of employment.

Pursuant to the Americans with Disabilities Act of 1990, as amended ("the ADA"), it is unlawful for an employer to discriminate based upon the disability of an applicant or employee. Further, it is unlawful for any employer to retaliate against an employee because he or she has requested reasonable accommodation for disability, or opposed discriminatory employment practices, or because he or she has filed a charge of discrimination with any municipal, state or federal equal employment opportunity agency, or because he or she has participated in an investigation of a charge of discrimination.

SVH respects the right of its employees and applicants for employment to work in an environment free from discrimination. Accordingly, SVH reaffirms its commitment to complying with the ADA, in that it is our policy to prohibit all discrimination based on disability and to prohibit all forms of retaliation.

Any employee who believes that he or she has suffered discrimination on the basis of disability, age, race, color, religion, sex, pregnancy, or national origin has the right to contact the EEOC directly at (505) 248-5201 or the Public Portal at www.eeoc.gov. In compliance with federal law, no official at SVH will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

This Notice shall remain posted for the term of three (3) years.

For St. Vincent Hospital d/b/a CHRISTUS St. Vincent Regional Medical Center :


By:_____          _____
          Angelo Valencia                                         Date
          Director of Human Resources